UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT LEROY MCCOY** | **CIVIL ACTION NO. 09-1535-P** |
| **VERSUS** | **JUDGE HICKS** |
| **CHIEF HALPMAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed by pro se plaintiff Robert Leroy McCoy ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 31, 2009. Plaintiff is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He names Chief Halpman, the Bossier City Police Department, Kevin Humphries, Detective Stewart and District Attorney Schulyer Marvin as defendants.

Plaintiff claims Defendants have violated his constitutional rights. He claims that on May 5, 2008, there was a triple homicide in Bossier City, Louisiana. He claims Defendants made accusations regarding the homicides which were illegal because they had no foundation. He claims Defendants falsely alleged that the homicides arose out of a domestic situation. He claims police officers gave a description of the alleged shooter which was contrary to the report of an eyewitness. He claims police officers falsely reported that a neighbor heard a disturbance and called the police.

Plaintiff claims the home of his parents was illegally searched because the police officers did not have a warrant based on probable cause. He also claims the homes of his relatives were illegally entered by police officers without warrants. He claims the police officers justified their illegal searches by falsely claiming that he had been witnessed leaving the scene of the homicides in a vehicle driven by his brother.

Plaintiff claims Detective Stewart and Detective Humphries arrested his brother Carlos and falsely informed him that he (Plaintiff) had committed the triple homicide. Plaintiff claims that at the time of the murders, he was in Texas and has alibi witnesses.

Plaintiff claims Defendants ran criminal background checks on his relatives. Plaintiff claims Defendants brought in for questioning another brother who was on probation. Plaintiff claims his brother was intoxicated and under the influence of narcotics when he was questioned. He claims Defendants threatened his two brothers with jail time if they did not tell them what they wanted to hear. Plaintiff claims Defendants denied his brother's request for an attorney and forced him to make false statements. He claims his brother was subsequently arrested. Plaintiff claims the District Attorney informed his family that he would dismiss the charges against his two brothers if they made false statements under oath. Plaintiff claims his family was forced to read false scripted statements to the media.

Plaintiff claims Defendants arrested a neighbor who was also intoxicated at the time of questioning. He claims the police threatened him with incarceration. He claims the police then falsely informed the media that this neighbor was a cooperative witness.

Plaintiff claims Defendants presented illegal statements to the grand jury. He claims

he was wrongfully indicted for the triple homicide. He claims there is no evidence to link him to the murders. He claims the autopsy report contains false statements. He claims there is no DNA evidence to link him to the murders. He claims evidence was withheld until he was arrested. He claims there are contradictory reports of his arrest in Idaho regarding possession of a gun.

Plaintiff was convicted of three counts of first degree murder in August 2011 and sentenced to death by lethal injection in January 2012.

Accordingly, Plaintiff seeks to have his charges quashed and monetary compensation.

## LAW AND ANALYSIS

**Heck Claims**

Plaintiff is seeking monetary compensation for claims which would necessarily imply the invalidity of his convictions. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable

under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation for civil rights violations under Section 1983; therefore, he must prove that his convictions and/or sentences have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his convictions and/or sentences have been invalidated.

**Habeas Claims**

Plaintiff alleges that his current detention is unlawful and seeks to have the charges against him quashed. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding. This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under

[42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his current detention and his claims clearly fall within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Petitioner's complaint, it does not appear that he has exhausted his available state remedies. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds

Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint seeking monetary damages for his alleged unconstitutional incarceration and convictions be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met and that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE